UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE: DIMITRIOS DEMIRIS,

        Debtor-Appellant

v.

BANK OF NEW JERSEY and GARY S. JACOBSON, *Trustee*,

        Appellees

Civ. No. 14-1720
14-1721 (KM)

MEMORANDUM OPINION AND ORDER

**IT APPEARING THAT:**

(1) Debtor-Appellant Dimitrios Demiris initiated this action by filing a motion for leave to appeal the order of the Bankruptcy Court (*see* Doc. No. 1, 14-cv-1720) and a notice of appeal of the same order of the Bankruptcy Court (*see* Doc. No. 1, 14-cv-1721); and that his motion for leave to appeal attaches the contested order, in which the late Bankruptcy Judge Morris Stern vacated the automatic stay of Bankruptcy Code 362(a) as to real property located in Wyckoff, New Jersey, upon motion for such relief brought by a bank as secured creditor wishing to pursue foreclosure remedies (*see* Doc. No. 1-2, 14-cv-1720 (Order of Hon. Morris Stern in Bankruptcy Case No. 13-34149)); and that

(2) This Court has jurisdiction over appeals of final judgments, orders, and decrees of the Bankruptcy Court. 28 U.S.C. § 158(a)(1). In contrast, this Court *may* obtain jurisdiction by granting leave to hear appeals of interlocutory orders of the Bankruptcy Court, 28 U.S.C. § 158(a)(3), with decisions as to leave to be informed by the criteria of 28 U.S.C. § 1292(b). 28 U.S.C. § 158(c)(2); *In re Bertoli*, 812 F.2d 136, 139 (3d Cir. 1987); *Jacobo v. BAC Home Loans Servicing LP*, 477 B.R. 533, 537-538 (D.N.J. 2012); and that

(3) In assessing whether an order of the Bankruptcy Court is final, this Court employs a more flexible and practical approach than it would in

considering the finality of a district court ruling. The most important factor is the impact of the order upon the bankrupt estate. *In re Market Square Inn, Inc.*, 978 F.2d 116, 120 (3d Cir. 1992) ("[F]inality must be viewed pragmatically in bankruptcy appeals.").

(4) Courts within this circuit have routinely determined that a "bankruptcy court's order granting relief from the automatic stay constitutes a final order for purposes of appeal," such that district courts have jurisdiction to hear appeals of such orders under 28 U.S.C. § 158(a)(1). *Fairfield Executive Assocs. v. Hyperion Credit Capital Partners, L.P. (In re Fairfield Executive Assocs.)*, 161 B.R. 595, 598 (D.N.J. 1993); *see In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983) (ruling that a district court's order lifting the automatic stay was final, inasmuch as "it completes litigation on the question and subjects the property to a foreclosure action in state court. Nothing more need be done by the district court or the bankruptcy court on the matter of the automatic stay, and the order of the district court ends this particular controversy between debtors and creditors."). Accordingly, this Court has jurisdiction to hear the appeal sought by Debtor-Appellant.

**ACCORDINGLY**, having considered all of the foregoing and the other documents in the record, and for good cause appearing,

**IT IS** this 11th Day of August, 2014,

**ORDERED** that the motion for leave to appeal of Debtor Dimitrios Demiris is **DENIED AS MOOT**, and it is further

**ORDERED** that the Clerk of Court shall close the matter opened as 14-cv-1720. The parties shall proceed in accordance with Fed. R. Bankr. P. 8009 in the matter opened as 14-cv-1721, with Appellant-Debtor's brief in support of his appeal, including required appendix thereto, being due 14 days from the entry of this order.

_____
**HON. KEVIN MCNULTY**
**United States District Judge**